## Slip Op. 99-114

## UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                      :
BÖHLER-UDDEHOLM CORPORATION,          :
                                      :
             Plaintiff,               :        Consol. Court
                                      :        No. 95-08-01024
             v.                       :
                                      :
THE UNITED STATES,                    :
                                      :
             Defendant,               :
                                      :
             and                      :
                                      :
ALLEGHENY LUDLUM STEEL CORPORATION,   :
WASHINGTON STEEL CORPORATION, and     :
G.O. CARLSON, INC.                    :
                                      :
             Defendant-Intervenors.   :
_____:

[Injunction pending appeal granted.]

                              Dated: October 22, 1999

    O'Donnell & Williams, (R. Kevin Williams) for plaintiff.

    David W. Ogden, Acting Assistant Attorney General, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Lucius B. Lau), Carlos A. Garcia, Attorney-Advisor, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

    Collier, Shannon, Rill & Scott, PLLC, (John B. Brew and Jeffrey S. Beckington) for defendant-intervenors.

### OPINION

**RESTANI, Judge:** This matter is before the court on

plaintiff's motion for injunction of liquidation pending

appeal.[1]

Plaintiff appealed the court's judgment affirming the determination of the United States Department of Commerce that its products, Stavax and Ramax, were within the scope of the antidumping duty order on Stainless Steel Plate from Sweden.  See Böhler-Uddeholm Corp. v. United States, No.95-08-01024, 1998 WL 249167, at *1 (Ct. Int'l Trade May 14, 1998), appeal filed, No. 98-1565 (Fed. Cir. July 6, 1998).  Plaintiff now seeks a stay of liquidation of entries made during the period June 1, 1998 through May 31, 1999, so that it may recover the estimated duties paid, if it is successful in its appeal of the scope issue.  The United States consents to the stay, but it is opposed by defendant-intervenors, the domestic steel producers.

Defendant-intervenors first object that the motion is untimely. An administrative review of the entries at issue, however, resulted in suspension of liquidation of those entries.  Thus, a court ordered stay was unnecessary during the pendency of the review.  The Commerce Department terminated the review on September 14, 1999.  See Stainless Steel Plate from Sweden: Notice of Recission of Antidumping Administrative Review, 64 Fed. Reg. 49,773, 49,774 (Dep't Commerce

---

[1]  Plaintiff styled its motion as one for preliminary injunction, but it is properly brought pursuant to CIT Rule 62(d), and 19 U.S.C. § 1516a(c)(2) (1994).  If applicable, the requirement of a supersedeas bond has been met by the prepayment of estimated duties on the unliquidated entries, as required by 19 U.S.C. § 1673e(a)(3) (1994).  Defendant-intervenors allege no possible basis for a bond.

1999).  Thereafter Commerce issued liquidation instructions to the Customs Service.  Pl.'s Br. at 2.  The instant motion was made promptly upon the threat of imminent liquidation and is timely.

Defendant-intervenors also assert that the standard for injunctive relief is not met.  First, they assert that <u>Zenith Radio Corp. v. United States</u>, 710 F.2d 806, 808 (Fed. Cir. 1983) (stay of liquidation pending appeal by domestic producers of annual review determination) does not apply because liquidation of these entries will not moot the scope issue before the appellate court.  Def.-Intervenor's Br. at 3.  Plaintiffs, however, are importers.  They will lose their right to recover the duties paid for the period at issue if stay is not granted.  That such recovery depends on the scope determination, as opposed to issues which might be addressed more effectively in an administrative review, is not determinative.  Further, in <u>Zenith</u> more than preservation of appellate review was at stake.  <u>Zenith</u>, at 810.  Because the adminstrative review set future deposit rates, the entire dispute would not have been mooted by liquidation of past entries.  <u>Id.</u>  Likewise, just because the entire scope dispute is not mooted by liquidation of this set of entries, does not mean that plaintiffs will not suffer irreparable harm in the form of permanently lost duties, if stay of liquidation is not granted.  The stay sought is appropriately limited to only the

potential irreparable harm plaintiff would suffer in the absence of the stay.

Second, although the court ruled against plaintiffs, it also made clear in its four opinions in this matter that the scope issue was a difficult one, as demonstrated by the repeated consideration of the issue.  See Böhler-Uddeholm Corp. v. United States, 20 CIT 1336, 1342-43, 946 F. Supp. 1003, 1008-1009 (1996) (remanding Commerce's scope determination), 978 F. Supp. 1176, 1181-1185 (Ct. Int'l Trade 1997) (remanding Commerce's scope determination again), No. 95-08-01024, 1997 WL 792936, at *1-2 (Ct. Int'l Trade Dec. 22, 1997) (remanding Commerce's scope determination to allow consideration of the full record), 1998 WL 249167, at *2 (affirming Commerce's scope determination).  There is no clear answer as to whether or how Commerce may amend a twenty year old scope ruling, as it did here. Böhler-Uddeholm Corp., 1998 WL 249167, at *1.  There are serious and substantial questions for appeal as to whether this situation meets the appropriate standard for such an amendment.

Third, the only party capable of suffering hardship in this matter is plaintiff.  It was required to pay such estimated duties as were owed.  The government's and defendant-intervenors' rights are fully protected, as the government obviously recognizes.

Fourth, injunction is in the public interest.  Defendant-intervenors would have a party such as plaintiff request an

administrative review, with all the time and effort such a review would entail, merely for the purpose of continuing a suspension of liquidation. Def.-Intervenor's Br. at 2. The relief plaintiff seeks is available through injunction pending appeal, at no cost or inconvenience to anyone, and without gearing up the entire administrative process for no good reason.

Accordingly, the court concludes that the requirements for injunctive relief, recognized in FMC Corp. v. United States, 3 F.3d 424, 427 (Fed. Cir. 1993),[2] are met. Injunction pending appeal is granted. The terms of the injunction are set forth separately.

_____
Jane A. Restani
JUDGE


Dated:   New York, New York

         This 22nd day of October, 1999.

---

[2]     In order to obtain an injunction, the movant carries the burden to establish: "1) that the movant is likely to succeed on the merits [on appeal]; 2) that it will suffer irreparable harm if [provisional] relief is not granted; 3) that the balance of the hardships tips in the movant's favor; and 4) that a [provisional] injunction will not be contrary to the public interest." Id. (citations omitted).